UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **MENDERES DEMIR**, by and through Next Friend, **NILUFER ADAK**, | ) ) ) ) | |
| *Petitioner*, | ) ) ) | |
| v. | ) ) | Civil No. 4:25-cv-40060-MRG |
| **KRISTI NOEM**, Secretary of Homeland Security, **PAMELA BONDI**, Attorney General, U.S. Immigration and Customs Enforcement Field Office Director,[1] | ) ) ) ) ) ) | |
| *Respondents*. | ) ) | |

### ORDER TO SHOW CAUSE

**GUZMAN, D.J.**

For the reasons stated below, Petitioner is ordered to **show cause** why this action should not be dismissed for lack of habeas standing and/or because of failure to be represented by counsel.

I.  **LEGAL STANDARD**

Article III of the Constitution limits the jurisdiction of federal courts to actual cases or controversies. City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 (1983). A central component of the case or controversy requirement is standing. Lance v. Coffman, 549 U.S. 437, 439 (2007). Indeed, "[w]here standing is lacking, the federal courts lack the power to grant habeas relief." In re Zettlemoyer, 53 F.3d 24, 26 (3d Cir. 1995). The federal habeas statute provides U.S.

---

[1] Petitioner named an "[u]nknown" U.S. Immigration and Customs Enforcement ("ICE") field office director as a Respondent. [ECF No. 1 at 1]. The Court orders that this public officer's name be added as soon as practicable. See Fed. R. Civ. P. 17(d).

district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." Maleng v. Cook, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis in original).

An alternative basis for habeas standing is "next friend" standing. Whitmore v. Arkansas, 495 U.S. 149, 161–62 (1990). The Supreme Court has set forth two requirements to qualify for "next friend" standing: "first, a next friend must 'provide an adequate explanation, such as inaccessibility, mental incompetence or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action,' and second, the next friend must be 'truly dedicated to the best interests of the person on whose behalf he seeks to litigate.'" King v. United States, No. 14-cv-7962, 2017 U.S. Dist. LEXIS 62713, at *33 (S.D.N.Y. Apr. 25, 2017) (quoting Whitmore, 495 U.S. at 163–64)). Importantly, next friend standing is "*by no means granted automatically* to whomever seeks to pursue an action on behalf of another." Whitmore, 495 U.S. at 163 (emphasis added). Of course, the next friend applicant "carries the burden of clearly establishing the propriety of their status to justify the jurisdiction of the court." Blackwell v. Watson, No. 3:24-CV-00581-NJR, 2024 U.S. Dist. LEXIS 195700, at *4 (S.D. Ill. Oct. 28, 2024) (quoting Whitmore, 495 U.S. at 164).

Furthermore, even if a person qualifies for next friend status, they generally need to be represented by an attorney. See e.g., Banks v. CIA, No. 15-cv-14237-IT, 2016 U.S. Dist. LEXIS 95543, at *3 (D. Mass. July 21, 2016) (explaining in the context of a Section 2241 habeas case that "even if Banks qualified as a 'next friend,' Banks could only bring this case through an attorney") (citations omitted); Law v. Gingrich, No. 19-11866-DJC, 2019 U.S. Dist. LEXIS 230980, at *4 (D. Mass. Sep. 9, 2019) (citations omitted); Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) ("The federal courts have consistently rejected attempts at third-party lay

representation. . . . By law an individual may appear in federal courts only pro se or through legal counsel." (citing 28 U.S.C. § 1654)).

## II.   APPLICATION

Here, the Petition is brought under 28 U.S.C. § 2241.  The purported Petitioner-Next Friend's explanation for why she qualifies for next friend status falls well short of the two-pronged standard articulated in Whitmore, cited *supra*.  [See ECF No. 1 at 2 (purported Petitioner-Next Friend explaining only that "urgent circumstances prevent [the Petitioner] from filing directly")].  Moreover, the purported Petitioner-Next Friend appears to be proceeding *pro se*, which would run afoul of the general rule that next friends must be represented by counsel.  See e.g., Banks, 2016 U.S. Dist. LEXIS 95543, at *3.

## III.   CONCLUSION

In light of the apparent standing and representation-related deficiencies that the Court has identified above, Plaintiff is hereby **ORDERED TO SHOW CAUSE**, on or before **May 9, 2025**, why this action should not be dismissed.  For the avoidance of any doubt, if purported Petitioner-Next Friend intends to continue pursuing this case, she must also advise the Court whether she will retain counsel by this same deadline.  See e.g., Knight v. Schechter, No. 24-3189-JWL, 2024 U.S. Dist. LEXIS 196247, at *7-8 (D. Kan. Oct. 29, 2024) (explaining in a habeas case that, "if Ms. Knight seeks to proceed as Mr. Knight's next friend, she should advise the Court whether she intends to retain counsel.").

**SO ORDERED.**

Dated: May 6, 2025

>   */s/ Margaret R. Guzman*
>   Margaret R. Guzman
>   United States District Judge